U.S. v. Jahn Fermin-Cortes, 16-218 (RAM)

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

2022.05.20 03:32:20 -04'00'

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

[11] Jahn Fermin-Cortes,
Defendant.

CRIMINAL NO. 16-218 (RAM)

TYPE C

## PLEA AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, Jahn Fermin-Cortes, and Defendant's counsel, Miguel Oppenheimer, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Second Superseding Indictment:

Count One:

Count One charges the defendant with conspiring to violate 18 U.S.C. § 1962(c), namely, that beginning in or about the year 2005, and up to and until April 2016, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Jahn Fermin-Cortes, and other persons, being persons employed by and associated with the enterprise, which engaged in, and the activities of which affected,


JFC

U.S. v. Jahn Fermin-Cortes, 16-218 (RAM)

interstate, and foreign commerce, knowingly and intentionally conspired to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly, and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity to include robbery, drug distribution and other acts of violence, including murder. All in violation of Title 18 U.S.C. § 1962(d).

### 2. Maximum Penalties

Count One:

The penalty for the offense charged in Count One of the Second superseding Indictment is a term of imprisonment of not more than life, pursuant to 18 U.S.C. § 1963(a); a fine of not more than two hundred and fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b); and a term of supervised release of not more than five (5) years, pursuant to 18 U.S.C. § 3583(b).



### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

U.S. v. Jahn Fermin-Cortes, 16-218 (RAM)

4. **Special Monetary Assessment**

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

5. **Fines and Restitution**

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

6. **Rule 11(c)(1)(C) Warnings**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties have agreed to recommend to the Court a specific sentence of 132 months of imprisonment (11 years) as to Count One.

Defendant understands that the Court may either accept or reject this sentencing recommendation, as more specifically described below:

(a) Should the Court accept the sentencing recommendation, the Court would sentence Defendant to the agreed upon sentencing recommendation;

(b) Should the Court reject the sentencing recommendation, the Court would allow the Defendant an opportunity to withdraw Defendant's guilty plea. In this event, should Defendant not withdraw the guilty plea, then the Court could dispose of the case less favorable toward Defendant than the plea

U.S. v. Jahn Fermin-Cortes, 16-218 (RAM)

agreement contemplated. Should the Court reject the sentencing recommendation, the United States would have the right to withdraw from the plea agreement entirely.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE 18 U.S.C. §§ 1962(c), (d) | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. §§ 2E1.1(a)(2), 2A1.1(a) | | | | | 43 |
| Minor participant pursuant to U.S.S.G. §3B1.2(b) | | | | | -2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| TOTAL ADJUSTED OFFENSE LEVEL | | | | | 38 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 235-293 | 262-327 | 292-365 | 324-405 | 360-life | 360-life |

### 8. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will recommend a downward variant sentence, regardless of the Defendant's criminal history category, of 132 months of imprisonment (11 years) as to Count One.

*(handwritten initials in left margin: JFC)*




The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 132 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Miguel Oppenheimer, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.



e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17. **Amendments to Plea Agreement**

No other promises, terms, or conditions will be entered into between the parties unless they are in writing and signed by all parties.



### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby

agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

22. **Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. Stephen Muldrow
United States Attorney

_____
For Max Perez-Bouret
Assistant U.S. Attorney, Chief
Transnational organized Crime Section
Dated: 4/21/2022

_____
Vanessa E. Bonhomme
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: 4/21/2022

_____
Antonio L. Perez-Alonso
Assistant U.S. Attorney
Dated: 4/20/2022

_____
Miguel Oppenheimer, Esq.
Counsel for Defendant
Dated: 5/16/22

_____
Jahn Fermin-Cortes
Defendant
Dated: 5/16/22

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 5/16/22

Jahn Fermin-Cortes
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 5/16/22

Miguel Oppenheimer
Counsel for Defendant

U.S. v. Jahn Fermin-Cortes, 16-218 (RAM)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Jahn Fermin-Cortes admits that Defendant is guilty as charged in the Indictment and admits the following:

Beginning in or about the year 2005, and up to and until April 2016, in Puerto Rico, Defendant was part of a criminal organization whose members and associates engaged in in robbery, burglary, drug distribution and other acts of violence, including murder. The criminal organization constituted an "enterprise," as defined by Title 18, U.S.C. § 1961(4) ("the enterprise"), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce. The purpose of the enterprise was to enrich its members and associates.

As a member of the enterprise, Defendant knowingly and intentionally conspired with diverse other persons to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity consisting of multiple acts:

1. Acts indictable under 18 U.S.C. §§ 1951 and 2 (relating to interference with commerce by robbery);

2. Acts involving robbery, as defined in the Puerto Rico Penal Code; chargeable under article 198 (2004 Penal Code) and 189 (2012 Penal Code); relating to participation including (i) aiding and abetting, under articles 43 (2004 Penal

Code) and 44 (2012 Penal Code); (ii) attempt, chargeable under article 35; and (iii) conspiracy, chargeable under articles 249 (2004 Penal Code) and 244 (2012 Penal Code);

3. Acts involving kidnapping, as defined in the Puerto Rico Penal Code; chargeable under articles 169 (2004 Penal Code) and 157 (2012 Penal Code); relating to participation including (i) aiding and abetting, under articles 43 (2004 Penal Code) and 44 (2012 Penal Code); (ii) attempt, chargeable under article 35; and (iii) conspiracy, chargeable under articles 249 (2004 Penal Code) and 244 (2012 Penal Code);

4. Offenses involving drug trafficking, including cocaine base (commonly referred to as "crack"), cocaine, heroin, marijuana, oxycodone (commonly known as Percocet), and alprazolam (commonly known as Xanax), in violation of the laws of the United States, that being, 21 U.S.C. §§ 841 and 846;

5. Acts involving murder, chargeable under article 105 and 106 (2004 Penal Code) and, 92 and 93 (2012 Penal Code); relating to participation including (i) aiding and abetting, under articles 43 (2004 Penal Code) and 44 (2012 Penal Code); (ii) attempt, chargeable under article 35; and (iii) conspiracy, chargeable under articles 249 (2004 Penal Code) and 244 (2012 Penal Code).

Each member agreed that a conspirator would commit at least two (2) acts of racketeering activity in the conduct of the affairs of the enterprise. Some of the racketeering activities committed by the defendant include:

U.S. v. Jahn Fermin-Cortes, 16-218 (RAM)

On or about February 11, 2015, the Defendant Jahn Fermin-Cortes and others attempted to rob the Doral Bank, a bank whose deposits were then federally insured by the Federal Deposit Insurance Corporation (FDIC), located at Plaza Dorada, in Dorado Puerto Rico. During the attempted robbery, the Defendant Jahn Fermin-Cortes and the others did put in jeopardy the life of a mall security guard, J.C.C., by assaulting and abducting him at gun point. As the assailants entered the mall, they approached another security guard (A.R.A.) who was sitting inside his vehicle providing security to the Doral Bank. The assailants attempted to abduct A.R.A., during the attempt, the security guard noticed their presence and attempted to flee in his vehicle. One of the assailants fired gunshots at the fleeing vehicle of A.R.A. A.R.A. suffered a bullet wound on his back that ultimately caused his death. After which, the robbery was called off.

On or about December 29, 2014, the Defendant Jahn Fermin-Cortes and others travelled to Colmadito Encantado at Plaza Encantada in Trujillo Alto, PR, assaulted and abducted a security officer at gun point, breached the building where the ATM was located, and stole approximately fifty-three thousand and nine hundred and fifty dollars ($53,960) from an ATM machine belonging to Scotiabank.

On or about January 28, 2015, the Defendant Jahn Fermin-Cortes and others travelled to the Oriental Bank in Caguitas Mall, Caguas, PR, abducted and robbed security guard at gun point, breached the bank and attempted to steal money from the ATM machine.

U.S. v. Jahn Fermin-Cortes, 16-218 (RAM)

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Jahn Fermin-Cortes is guilty as charged in Count One of the Indictment. Discovery was timely made available to Defendant for review.

_____  
Antonio Luis Perez-Alonso  
Assistant U.S. Attorney  
Dated: 4/20/2022

_____  
Miguel Oppenheimer, Esq.  
Counsel for Defendant  
Dated: 5/16/22

_____  
Jahn Fermin-Cortes  
Defendant  
Dated: 5/16/22